### *In re* TAYLOR *et al.*

(*Supreme Court, General Term, First Department.* November 18, 1892.)

PRESUMPTION· OF DEATH.

A girl 18 years of age, unable to read or write, was placed in a house of refuge, from which she escaped, and was not heard of for more than 11 years. When a mere child she was placed in an almshouse, from which she was taken by a lady with whom she lived about 10 years, during the latter portion of which time she became very wild and unruly, acquired the habit of drinking, and was accustomed to be out late at night and in bad company. *Held,* that it was improbable that she desired to communicate with friends or relatives, and there was no presumption that she died without issue. 9 N. Y. Supp. 639, affirmed.

Appeal from surrogate's court, New York county.

Judicial accounting of Robert W. Taylor, executor, under will of Ann E. Miller, deceased. From certain portions of a decree ordering distribution, Ann Eliza Wilcox, heir of one of the legatees, appeals. Affirmed.

For opinion of surrogate, see 9 N. Y. Supp. 639.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

*H. Major,* for appellant. *George B. Ashley,*·for respondent.

VAN BRUNT, P. J. The following facts appeared before the surrogate: One Ann Eliza Miller died in the city of New York in the fall of 1882. By her will she gave the income of a fund of $20,000 to her mother for life; and ·the fund itself, upon the death of her mother, to the children then living of her three brothers, Andrew, David, and John Mann, to be distributed· among such children equally. The mother died in September, 1888, and in December following the executors and trustees under the will filed with the surrogate their verified account, ·with a petition for its judicial settlement, in which it was stated, among other things, that owing to the death of the mother the said trust fund was ready for distribution. Citations were issued

and served upon all interested parties, either personally or by publication, and the account and objections were sent to a referee. On the coming in of his report it was referred back to the same referee to try and determine the question whether Ann E. Wilcox and Ellen Dale Mann, two daughters of David A. Mann, one of the brothers of the testatrix named in the will, were alive at the time of the decease of the mother. Upon the hearing before the referee, Ann E. Wilcox, whose married name was Conkling, appeared, and proved her identity. Ellen Dale Mann did not appear, and the referee found that she had absented herself for a period of 11 years, and had not been heard from in that time; and it was therefore presumed that she had died before the mother of the testatrix, without issue. This finding as to Ellen Dale Mann was overruled by the surrogate, and a decree entered deciding that she was still alive, and that one third of the above-mentioned fund should be paid to and divided between her and her sister, the appellant, equally, and from the surrogate's decree, in so far as it so decides, this appeal is taken. Upon an examination of the grounds upon which the learned surrogate based his decision, we see no reason for differing with the conclusion arrived at by him; and therefore think that, for the reasons stated by the learned surrogate, the part of the decree appealed from should be affirmed, with costs. All concur.